UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLYDE A. BENNINGHOFF,

    Plaintiff,

vs                                                                      Case No.  3:10-cv-1113-J-32MCR

ALICE J. POTTER,

    Defendant.
_____

ALICE J. POTTER,

    Plaintiff,

vs.                                                                   Case No. 3:10-cv-1199-J-32MCR

CLYDE A. BENNINGHOFF,

    Defendant

and

COMPASS BANK and PERSHING, LLC.,

    Garnishees.
_____

## **O R D E R**

    **THIS CAUSE** is before the Court on Plaintiff, Clyde Benninghoff's Claims of Exemption (Doc. 35) and the Motion to Intervene and to Dissolve Writ of Garnishment (Doc. 50) filed by Plaintiff's wife, Paula Benninghoff.

    On November 9, 2010, Plaintiff, Clyde Benninghoff, filed a petition to vacate an arbitration award in state court.  On December 7, 2010, Defendant, Alice Potter, removed the case to this court and filed her own petition seeking to confirm the

arbitration award.  The two cases were consolidated and on April 5, 2011, Judge Corrigan granted Ms. Potter's petition to confirm the arbitration award .  Accordingly, on April 13, 2011, judgment was entered in favor of Ms. Potter in the amount of $915,659.32 plus interest.

As of July 8, 2011, the total amount of the judgment remained unpaid.  Accordingly, Ms. Potter filed a motion seeking two writs of garnishment.  The Court granted the motion and writs of garnishment directed to Compass Bank and Pershing, LLC were issued on July 8, 2011.  On July 19, 2011, Garnishee, Compass Bank filed an answer to the writ listing two accounts: one in the name of Clyde Benninghoff/Paula J. Benninghoff and the other in the name of Paula J. Benninghoff/Clyde Benninghoff.  (Doc. 48).

On July 21, 2011, Mr. Benninghoff filed a claim of exemption and a request for hearing.  (Doc. 35).  The following day, Ms. Potter filed a statement contesting the claim of exemption.  (Doc. 39).  The Court granted the request for hearing and scheduled an evidentiary hearing for August 3, 2011.  After scheduling the hearing, Plaintiff's wife, Mrs. Benninghoff, filed a motion to intervene and a motion to dissolve the writ of garnishment (Doc. 50) arguing that the two accounts with Compass Bank were held as tenancies by the entireties and therefore, were exempt from garnishment.  Although counsel for Ms. Potter had not yet responded to that motion, the parties addressed it during the hearing on August 3, 2011.  Additionally, on July 29, 2011, Garnishee, Pershing, LLC filed its answer to the writ (Doc. 51) indicating that the only account it held for Mr. Benninghoff was closed on November 1, 2010 and therefore, it did not hold any funds for Mr. Benninghoff.

The Court conducted an evidentiary hearing on August 3, 2011 where counsel for the Benninghoffs presented evidence showing that the two accounts with Compass Bank were held by the Benninghoffs as tenants by the entireties.  Ordinarily, it would be Mr. Benninghoff's burden to establish a right to an exemption.  See Cole v. American Capital Partners Ltd., Inc., No. 06-80525-CIV, 2010 WL 114890, at *4 (S.D. Fla. Jan. 12, 2010).  However, when it comes to joint bank accounts, there is a presumption that the account is held as tenants by the entirety.  "Under Florida law, a creditor of a single spouse may not execute a judgment on a joint bank account held as tenants by the entirety."  In re Canovas, No. 05-44854-BKC-LMI,  2009 WL 2386062, at *1 (Bkrtcy. S.D. Fla. July 31, 2009) (citing Sunshine Resources, Inc. v. Simpson, 763 So.2d 1078, 1081-82 (Fla. 4th DCA 1999) and Balding v. Fleisher, 279 So.2d 883, 884 (Fla. 3rd DCA 1973)).  In such circumstances, the burden is shifted to the creditor to prove by a preponderance of the evidence that a tenancy by the entirety was not created.  Id. (citing Beal Bank, SSB v. Almand and Associates, 780 So.2d 45, 58-59 (Fla. 2001)).  The presumption arises for bank accounts titled in the name of both spouses "if the signature card of the account does not expressly disclaim the tenancy by the entireties form of ownership" and so long "as the account is established by husband and wife in accordance with the unities of possession, interest, title, and time and with right of survivorship."  Beal Bank, 780 So.2d at 58.

In the instant case, the Benninghoffs presented the signature cards for the accounts, which did not expressly disclaim that the accounts were held as tenants by the entirety.  Additionally, counsel for the Benninghoffs presented evidence showing that the unities of possession, interest, title, and time were satisfied and that both

Benninghoffs had a right of survivorship as to each account. Accordingly, Mr. Benninghoff is entitled to a presumption that the accounts are held as tenants by the entirety. During the hearing, counsel for Ms. Potter conceded that she had no evidence to rebut the presumption. Therefore, because Ms. Potter is a judgment creditor of only one spouse, the undersigned finds the writ of garnishment issued to Compass Bank should be dissolved.

Accordingly, it is hereby

**ORDERED**:

The Motion to Dissolve Writ of Garnishment (Doc. 50) filed by Paula Benninghoff is **GRANTED**. The Garnishee, Compass Bank, is directed to release the hold on the accounts of Clyde and Paula Benninghoff (Account Numbers 88806190 and 88806240) immediately.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  3rd  day of August, 2011.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

Calvin E. Hayden, Esq.
Attorney for Garnishee
6282-3 Dupont Station Court East
Jacksonville, FL 32217